249 F.2d 83
 ARROW METAL PRODUCTS CORPORATION, a corporation, Awnair
Corporation of America, a corporation, and Alex Levine,
James V. Cosman and William N. Gurtman, Individually and as
officers of each of said corporations, Petitioners,
v.
FEDERAL TRADE COMMISSION, Respondent.
 No. 12224.
 United States Court of Appeals Third Circuit.
 Argued Oct. 25, 1957.
Decided Nov. 7, 1957.
 
 Aaron Z. Schomer, Passaic, N.J. (Gurtman & Schomer, William N. Gurtman, Passaic, N.J., on the brief), for petitioners.
 E. K. Elkins, Washington, D.C. (Earl W. Kintner, Gen. Counsel, James E. Corkey, Asst. Gen. Counsel, Washington, D.C., on the brief), for Federal Trade Commission.
 Before GOODRICH, KALODNER and STALEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 The petitioners seek reversal of a cease and desist order issued against them by the Federal Trade Commission. The petitioners use the term 'porcenamel' to describe their awning products. It is charged that the use of this term carries a representation that the awning products are coated with porcelain enamel. They are not coated with porcelain enamel but with an organic plastic resin quite different from porcelain enamel. It was found by the hearing examiner that the use of the term 'porcenamel' had a tendency to deceive a substantial portion of the purchasing public. The examiner made a cease and desist order which was affirmed on appeal by the Commission following an opinion fully discussing the questions involved. Arrow Metal Products Corp., CCH Trade Reg.Rep. (10th ed.) P 26368 (FTC 1957).
 
 
 2
 The findings of the Commission are adequately supported. There was no error in receiving a report of a survey made to find out whether the use of petitioners' term was capable of and did deceive members of the public. See United States v. 88 Cases, More or Less, etc., 3 Cir., 187 F.2d 967, 974, certiorari denied 1951, 342 U.S. 861, 72 S.Ct. 88, 96 L.Ed. 648; Household Finance Corp. v. Federal Finance Corp., D.C.D.Ariz.1952, 105 F.Supp. 164, 166.
 
 
 3
 The petitioners complain that the cease and desist order is too drastic and that some other manner of preventing deception, if any, should be adopted. But the matter of shaping a remedy is for the Commission. Our function is simply, in the words of the Supreme Court, to find whether the Commission has made 'an allowable judgment in its choice of the remedy.' Jacob Siegel Co. v. Federal Trade Commission, 1946, 327 U.S. 608, 612, 66 S.Ct. 758, 760, 90 L.Ed. 888. The Commission did make an allowable judgment in this instance.
 
 
 4
 The order of the Commission will be affirmed.